UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| OTIS B. GRANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:13-cv-00826-TWP-DML |
| | ) |
| TRUSTEES OF INDIANA UNIVERSITY, | ) |
| INDIANA UNIVERSITY, | ) |
| INDIANA UNIVERSITY SOUTH BEND, | ) |
| MICHAEL A. MCROBBIE President, Indiana | ) |
| University, | ) |
| UNA MAE RECK Chancellor, Indiana | ) |
| University South Bend, | ) |
| ALFRED J. GUILLAUME, JR. Vice | ) |
| Chancellor for Academic Affairs, Indiana | ) |
| University South Bend, | ) |
| | ) |
| Defendants. | |

**ENTRY ON MOTION FOR PARTIAL DISMISSAL AND
JUDGMENT ON THE PLEADINGS**

This matter is before the Court on a Motion for Partial Dismissal and Judgment on the Pleadings filed by Defendants, Indiana University, Indiana University South Bend, the Trustees of Indiana University (collectively, "the University"), Alfred J. Guillaume, Jr. ("Mr. Guillaume"), Michael A. McRobbie ("Mr. McRobbie"), and Una Mae Reck ("Ms. Reck"). (Filing No. 70). Defendants seek dismissal of counts 1-14, 17, and 26 of Plaintiff Otis B. Grant's ("Mr. Grant") Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(c). For the reasons set forth below, Defendants' motion is **GRANTED in part and DENIED in part**.

I. **BACKGROUND**

Otis Grant is a former tenured professor at Indiana University's South Bend campus. He alleges that he was unlawfully terminated by Defendants on December 31, 2011, due to his race.

Mr. Grant alleges that prior to his termination he was never found guilty of any misconduct and was not afforded due process in accordance with University policies. He asserts 26 claims against the University, Chancellor Una Mae Reck, Vice Chancellor for Academic Affairs Alfred Guillaume, and President Michael McRobbie (the "University Officials") under various federal and state laws, including 42 U.S.C. §§ 1983, 1985, 1986; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 ("Title VII"); § 1981 of the Civil Rights Act of 1866, as amended by the Civil Rights Act of 1991 ("§ 1981"); the Indiana Civil Rights Law,[1] Ind. Code 22-9-1 *et seq.* ("ICRL"); the Indiana Codes of Conduct and Disciplinary Measures, Ind. Code § 21-39-2-4; and common law claims for tortious interference with a business relationship, breach of contract, promissory estoppel, intentional and negligent infliction of emotional distress, actual and constructive fraud, and defamation.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the parties have filed the complaint and answer. Rule 12(c) motions are reviewed under the same standard as a motion to dismiss under 12(b)(6). *Frey v. Bank One*, 91 F.3d 45, 46 (7th Cir. 1996). Like a Rule 12(b)(6) motion, the court will grant a Rule 12(c) motion only if "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (*quoting Craigs, Inc. v. Gen. Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993)). The facts in the complaint are viewed in light most favorable to the non-moving party; however, the court is "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *Id.* (*quoting R.J.R. Serv., Inc. v. Aetna Cas. & Sur. Co.*, 895

---

[1] The Amended Complaint erroneously refers to this statute as the Indiana Fair Employment Practice Act. *See* I.C. 22-9-1-1.

2

F.2d 279, 281 (7th Cir. 1989)). "As the title of the rule implies, Rule 12(c) permits a judgment based on the pleadings alone . . . . The pleadings include the complaint, the answer, and any written instruments attached as exhibits." *Id.* (internal citations omitted).

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of proof is on the party asserting jurisdiction. *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999). In determining whether subject matter jurisdiction exists, the court must accept all well-pleaded facts alleged in the complaint and draw all reasonable inferences from those facts in the plaintiff's favor. *Id.*

### III. DISCUSSION

#### A. Stipulation as to Counts 8, 11, and 12

Count 8 of Mr. Grant's Amended Complaint is for alleged violations of § 1983 pursuant to *Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658 (1978). Counts 11 and 12 are for discrimination in violation of the ICRL. Mr. Grant does not oppose dismissal of these claims, therefore the motion for judgment on the pleadings as to these counts is **GRANTED**.

#### B. Claims are asserted against Reck, Guillaume, and McRobbie in their official capacities

As an initial matter, the parties dispute whether the Amended Complaint asserts claims against Ms. Reck, Mr. Guillaume, and Mr. McRobbie in their individual capacities, or only in their official capacities. Defendants argue that there is no mention in the Amended Complaint that these University representatives are being sued in their individual capacities, thus they must be considered part of the University acting in their official capacities. Mr. Grant admits that the Amended Complaint does not specify that he is suing these defendants in their individual capacities; however, he argues that his request for prospective relief shows his intent to bring

individual claims against these defendants. The Court disagrees with such a liberal reading of Mr. Grant's Amended Complaint.

Naming a defendant's office raises a presumption that he is being sued only in his official capacity. *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985). Defendants are only referenced by their official titles and actions, and there is nothing in the 87 pages of the Amended Complaint that would indicate that Mr. Grant intended to bring claims against the University Officials in their individual capacities. The language used in the Amended Complaint also indicates an intent to bring claims against defendants in their official capacities, stating specifically that Ms. Reck's actions "render[] her conduct official for liability purposes." (Filing No. 24, at ECF p. 2). There is no such corresponding statement indicating that University Officials' actions were taken in their individual capacities. With the level of painstaking detail that went into the 509 enumerated paragraphs of the Amended Complaint, it is reasonable to conclude that if Mr. Grant had intended to bring claims against the University Officials in their individual capacities, he would have specified such in order to rebut the presumption that they were being sued in only their official capacities, as indicated by naming their offices in the caption of the Amended Complaint. The argument that the request for injunctive relief is evidence of an intent to sue the University Officials in their individual capacities is unavailing. Claims against persons in their official capacities for prospective relief are not treated as actions of the State, and thus may proceed separately as actions against these defendants in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985) ("[O]fficial-capacity actions for prospective relief are not treated as actions against the State."). The Court concludes that all claims asserted against the University Officials are to be construed as being in their official capacities.

### C. The University is not a "person" under § 1983

Defendants argue that all claims brought under 42 U.S.C. §§ 1981, 1983, 1985, and 1986 must be dismissed because the Defendants are not "persons" under these statutes. The Seventh Circuit "has determined in previous § 1983 actions that a state university is an alter ego of the state, and, under *Will* [*v. Michigan Dept. of St. Police*, 491 U.S. 58, 64 (1989)], a 'State is not a person' under § 1983, it follows that a state university is not a person within the meaning of § 1983 and therefore not subject to suits brought under § 1983." *Kaimowitz v. Bd. of Trustees of Univ. of Illinois*, 951 F.2d 765, 767 (7th Cir. 1991). The same is true for university officials acting within their official capacities with respect to claims for monetary damages, as they are considered part of the university. *Shannon v. Bepko*, 684 F. Supp. 1465, 1474 (S.D. Ind. 1988). Because the claims for monetary damages in this action are asserted against the University and the University Officials in their official capacities, the Court concludes that Defendants are not "persons" under § 1983.

Because § 1983 is the exclusive remedy for violations of § 1981 committed by state actors, it follows that defendants must meet the definitions of "persons" for purposes of § 1981 claims as well. *Greater Indianapolis Chapter of N.A.A.C.P. v. Ballard*, 741 F. Supp. 2d 925, 941 (S.D. Ind. 2010) ("[S]ection 1983 remains the only avenue of relief against state actors for violation of rights contained in section 1981."). Claims brought under § 1985 also require that defendants be "persons" in order to state a claim. *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005). Likewise, the claims brought under § 1986 must also be dismissed because "[a] cause of action under section 1986 'is premised on a violation of section 1985' . . . and 'liability under § 1986 is merely derivative of liability under § 1985.'" *Sims v. Marnocha*, 159 F. Supp. 2d 1133, 1139 (N.D. Ind.

5

2001) (quoting *Rhodes v. Mabus*, 676 F. Supp. 755, 760 (S.D. Miss. 1987); *Patrick v. Staples*, 780 F. Supp. 1528, 1537 (N.D. Ind. 1991)).

However, with respect to the University Officials, this bar to § 1983 claims applies only to Mr. Grant's request for monetary relief, and does not apply where a plaintiff requests prospective, including injunctive, relief. "[A] state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)).

The Court finds that the University is not a "person" for purposes of § 1983, and the University is therefore entitled to judgment on Mr. Grant's claims brought under §§ 1981, 1983, 1985, and 1986. In addition, to the extent Mr. Grant seeks to hold the University Officials liable for monetary damages, these representatives are also not "persons" under § 1983. Any claims for monetary relief under Counts 1-7, 9, 10, 13, 17, and 26 against the University Officials, and for both injunctive and monetary relief against the University under these Counts, must be dismissed.[2] Mr. Grant may proceed with his claims against the University Officials in their official capacities insofar as he seeks prospective relief.

### D. No Claim for Tortious Interference

Count 14 of Mr. Grant's Amended Complaint is a claim for tortious interference with a business relationship, alleging that Defendants unlawfully interfered with Mr. Grant's employment contract with the University. While acknowledging that the University cannot tortuously interfere

---

[2] The Court need not address the issue of immunity under the Eleventh Amendment, as the issue of whether the defendants are "persons" governed by the statutes is antecedent to the issue of immunity. *Vermont Agency of Natural Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 779 (2000) ("We nonetheless have routinely addressed *before* the question whether the Eleventh Amendment forbids a particular statutory cause of action to be asserted against States, the question whether the statute itself *permits* the cause of action it creates to be asserted against States. . . .") (emphasis in original).

with its own contract—and thus conceding that this claim must be dismissed as to the University—Mr. Grant argues that this claim may survive against Ms. Reck and Mr. Guillaume to the extent they were acting in their individual capacities. However, as previously discussed, the Amended Complaint does not state claims against defendants in their individual capacities. Therefore, because the tortious interference claim is only being brought against the University Officials in their official capacities, Count 14 must be dismissed as to all Defendants.

## IV.    CONCLUSION

For the reasons set forth above, Defendants' Motion for Partial Dismissal and Judgment on the Pleadings (Filing No. 70) is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** with respect to counts 8, 11, 12 and 14 as to all Defendants, and these claims are **DISMISSED**. With respect to counts 1-7, 9, 10, 13, 17, and 26 the motion is **GRANTED** as to all claims for relief against the University, and for all monetary relief against Mr. McRobbie, Ms. Reck, and Mr. Guillaume, and **DENIED** as to the claims for prospective relief against Mr. McRobbie, Ms. Reck, and Mr. Giullaume in their official capacities.

SO ORDERED.

Date: 7/6/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Damon R. Leichty
BARNES & THORNBURG - South Bend
damon.leichty@btlaw.com

R. Anthony Prather
BARNES & THORNBURG LLP (Indianapolis)
tony.prather@btlaw.com

R. Holtzman Hedrick
BARNES & THORNBURG LLP (Indianapolis)
holt.hedrick@btlaw.com

Alex Maurice Beeman
CIOBANU LAW PC
abeeman@ciobanulaw.com

Andrea Lynn Ciobanu
CIOBANU LAW, PC
aciobanu@ciobanulaw.com